IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HERBERT W. BROWN III, et al., | CIVIL NO.: 06-1645 (JP) |
| Plaintiffs, | |
| v. | |
| COLEGIO DE ABOGADOS DE PUERTO RICO, | |
| Defendant. | |

## MOTION FOR INTERVENTION AND FOR DECERTIFICATION OF THE DAMAGES CLASS

**TO THE HONORABLE COURT:**

COMES NOW Servicios Legales de Puerto Rico, Inc. (hereinafter "SLPR") through its undersigned counsel and, pursuant to Fed.R.Civ.P. 24(a) respectfully moves to intervene in this case. Moreover, SLPR moves for the decertification of the Damages Class pursuant to Fed.R.Civ.P. 23. In support of these requests, SLPR alleges, informs and shows as follows:

1. SLPR is a nonprofit corporation organized and existing since 1966 under the laws of the Commonwealth of Puerto Rico, which provides free legal services to the indigent population within Puerto Rico.

2. In order to provide those services, SLPR receives a significant amount of federal funds that are allotted by the Legal Services Corporation (hereinafter "LSC"), a private nonprofit corporation established by Congress pursuant to 42 USC §§ 2996 et seq., and employs over one hundred attorneys, who, in turn, are members of a labor union ("Unión de Abogados y Abogadas de

- 1 -

Servicios Legales" – UAASL) with whom SLPR has, and has had throughout the years, a binding collective bargaining agreement that is renegotiated and renewed periodically.

3.     At present, 85% of the operational budget of SLPR is provided by a grant from LSC, for a total of $18.9 million in 2010.  During the years 2002 – 2006, the grant from LSC constituted well over 90% of the SLPR annual budget.

4.     Pursuant to the pertinent federal regulations, SLPR is authorized to pay compulsory bar membership fees from LSC funds. *See* 45 C.F.R. § 1627.4.  Pursuant to Article 48 of the collective bargaining agreement with the UAASL, SLPR is required to pay, and in fact has always paid, the annual membership dues, which each and every of the attorneys within its employ were obligated to pay to the Colegio de Abogados de Puerto Rico (hereinafter "Colegio de Abogados") as a condition to practice the legal profession within the Commonwealth of Puerto Rico. Thus, in 2002, 2003, 2005, and 2006, SLPR paid to the Colegio de Abogados, with LSC funds, the annual membership dues of the approximately one hundred thirty (130) attorneys that worked for SLPR during each of those years.

5.     According to the Notice of Class Action Lawsuit (hereinafter "the Class Action Notice") that was issued by the Clerk of the Court in this case on January 26, 2011 and received last week by the attorneys that work for and/or that are directors and/or officers of SLPR, SLPR learned that the Court certified a "Damages Class" that is comprised "of all attorneys practicing in the Commonwealth of Puerto Rico local courts from 2002-2006, who were obligated

to pay the Colegio de Abogados their yearly annual membership renewal fee in order to practice law in this jurisdiction." Though the same Class Action Notice, SLPR learned that "[j]udgment will be entered against the Colegio [in this case] for damages based on the amount of the individual membership fees paid by Class Members to the Colegio from 2002 - 2006 which were impermissibly attributed to the compulsory life insurance program." SLPR also learned, through the Class Action Notice, that, in the event that the members of the Damages Class do not opt out, the Court will enter judgment in their favor in the amount that the membership dues that class members "actually paid to the Colegio from 2002-2006 which were impermissibly attributed to the compulsory life insurance program."

6. SLPR notes that the remedy that has been fashioned in this case stems from the incorrect factual assumption that the Damages Class members were the ones who actually paid the annual membership dues to the Colegio de Abogados from 2002 through 2006. As previously stated, that was not the case for the approximately 130 attorneys that worked for SLPR during the relevant years.

7. Given that it was SLPR who paid the membership dues in question, SLPR should be allowed to intervene in this case in order to protect its proprietary interest over the funds that were used to make the payments to the Colegio de Abogados on behalf of its employees during the relevant time period and to be able to certify the ultimate disposition of those funds to LSC, including

the efforts of SLPR to use those funds in accordance with applicable federal law and regulations.

8. At the outset of this discussion, SLPR posits that "[i]ntervention in a class action is governed by the same principles that apply in any other proceeding." *In re Sonus Networks, Inc. Securities Litigation*, 229 F.R.D. 339, 344 (D. MA. 2005).

9. Under Fed.R.Civ.P. 24, "intervention may be either as or right or permissive." *Id*. "To succeed on a motion to intervene as of right, a putative intervener must establish (i) the timeliness of its motion to intervene; (ii) the existence of an interest relating to the property or transaction that forms the basis of the pending action; (iii) a realistic threat that the disposition of the action will impede its ability to protect that interest; and (iv) the lack of adequate representation of its position by any existing party." *R & G Mortgage Corp. v. Federal Home Loan Mortgage Corp.*, 584 F.3d 1, 7 (1st Cir. 2009). An intervener must meet each of those four requirements inasmuch as "[a]n applicant's failure to meet any one of these requirements is a sufficient basis for denying intervention as of right." *Caterino v. Barry,* 922 F.2d 37, 40 (1st Cir.1990).

10. SLPR easily meets each of the requirements. First, this request for intervention is timely since it is being filed in a matter of days after SLPR learned <u>for the first time</u>, through the Class Action Notice received only last week, that its proprietary interests over the funds used to pay the membership dues at issue in this litigation are implicated. Second, SLPR, as the rightful owner of the funds that were used to pay the membership dues in question, has a paramount

interest in the property or transaction that forms the basis of this litigation. Third, the remedy that the Court has fashioned would prejudice SLPR by returning to the attorneys employed by SLPR monies that they never paid and that were the property of SLPR. Fourth, none of the existing parties to this litigation adequately protects SLPR's interest inasmuch as they have propitiated the certification of class that lacks a valid factual predicate and that suffers from a fatal conceptual flaw.

11.    SLPR underscores that it does not stand alone since many law firms, public service organizations, private corporations and businesses and other legal entities also paid the membership dues of the attorneys within their employ during each of the years that form the relevant period. Specifically, other nonprofit corporations like the Legal Aid Society ("Sociedad de Asistencia Legal"), the Community Law Office ("Oficina Legal de la Comunidad"), the Civil Action and Education Corporation, Pro Bono, Inc., and, even, the Commonwealth of Puerto Rico are just some of the other employers that paid the membership dues of the attorneys that they employed.[1]

12.    SLPR is compelled to seek the decertification of the Damages Class given the factual and conceptual flaws previously described, which threaten to improperly place in the hands of the attorneys that worked for SLPR, and countless attorneys that worked for other entities, monies that they never

---

[1] The Commonwealth of Puerto Rico paid the membership dues of the attorneys in public service by virtue of Law No. 53 of January 13, 2004, commonly known as the Law for Payment of the Bar Membership Dues of the Attorneys in Public Service ("Ley para el pago de la cuota de colegiación de los abogados en el servicio público").

paid and that never belonged to them.[2] In the specific case of SLPR, such an action presents the risk of a violation of the federal law and regulations which govern LSC and of an adverse finding by the external auditors for SLPR or of the Office of the Inspector General of LSC.

13. Fed.R.Civ.P. 23(c) (1) (C) expressly provides that an order that certifies a class action "may be altered or amended before final judgment."

14. The ample case law on this subject has consistently held that "(e)ven after a certification order is entered, the judge remains free to modify it in light of subsequent developments in the litigation." *Gen. Tel. Co. v. Falcon,* 457 U.S. 147, 160 (1982). *Accord In re Sonus Networks, Inc. Securities Litigation*, 229 F.R.D. at 348 ("Among other things, the court may decertify a class at any time before final judgment."); and *George Lussier Enterprises, Inc. v. Subaru of New England, Inc.*, 286 F.Supp.2d 86, 102 (D. N.H. 2003) ("A class certification order may be 'altered or amended,' Fed.R.Civ.P. 23(c)(1), if 'upon fuller development of the facts, the original determination appears unsound.'")

15. It stems from the foregoing discussion that the original determination made by the Court at the time that it certified the Damages Class on August 1, 2008 (Dkt. No. 75) is clearly unsound and must be set aside.[3]

16. SLPR cannot conclude without expressing that SLPR does not want to receive any portion of the monies that it paid to the Colegio de Abogados

---

[2] SLPR conservatively estimates that, due to the incorrect factual premises used to certify the Damages Class in this case, the Damages Class contains over 2,000 attorneys that did not themselves pay the annual membership dues to the Colegio de Abogados and that could unjustly receive, as damages, monies that belong to their respective employers.

[3] SLPR first read the August 1, 2008 Opinion and Order earlier this week after having visited the web site referenced in the Class Action Notice as a source where attorneys could get additional information pertaining to this case, to wit: www.colegiolitigation.com.

as the membership dues of the attorneys that worked for SLPR from 2002 through 2006 and that it does not authorize anyone to use those funds in the calculation of any damages that may be assessed against the Colegio de Abogados in this case.

WHEREFORE, SLPR respectfully requests that it be allowed to intervene in this case and that the Damages Class be decertified.

I HEREBY CERTIFY: That on this same date I electronically filed the foregoing Motion with the Clerk of the Court using the CM/CEF system which will send notification of such filing to all counsel of record.

Respectfully submitted, in San Juan, Puerto Rico, on this 11th day of February, 2011.

*S/GUILLERMO RAMOS LUIÑA*
GUILLERMO RAMOS LUIÑA
USDC-PR NO. 204007
gramlui@yahoo.com

P. O. Box 22763, UPR Station
San Juan, PR 00931-2763
Tel. 787-620-0527
Fax 787-620-0039