IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HERBERT W. BROWN III, et al.,<br><br>      Plaintiffs<br><br>      v.<br><br>COLEGIO DE ABOGADOS DE PUERTO RICO,<br><br>      Defendant | CIVIL NO. 06-1645 (JP) |

**O R D E R**

Before the Court are Defendant Colegio de Abogados de Puerto Rico's ("Colegio") motions for a hearing and for an extension of time for class members to opt-out (**Nos. 359 and 365**), and Class Plaintiffs' opposition thereto (No. 369).[1] There is no need for a hearing and, for the reasons stated herein, said motions are hereby **DENIED**.

**I.**

**Introduction**

On July 23, 2010, the First Circuit Court of Appeals issued its opinion (No. 161) in this case. In the opinion, the First Circuit directed this Court to provide class members with notice of their right to opt-out and stated that said process "ought to be done promptly." Brown v. Colegio de Abogados de Puerto Rico, 613 F.3d 44, 51 (1st Cir. 2010). Class Plaintiffs submitted their first draft of the proposed Notice of Class Action on September 2, 2010 (No. 168). In the process of determining the final contents of the Class Action

---

1. Also before the Court is Attorney Francisco Colón-Ramírez's motion (**No. 338**) submitting payment of the amount owed to Governor Luis Fortuño. Said motion is **DENIED**. The Clerk of Court **SHALL** issue a check to the order of Francisco Colón-Ramírez in the amount he deposited with the Court.

CIVIL NO. 06-1645 (JP)          -2-

Notice and the means by which said information would be distributed, the Court held three separate hearings and conferences (Nos. 251, 278, and 283).[2] Colegio had the opportunity to request changes and present objections, and, in fact, did so. Many of these were considered favorably by the Court.

After carefully considering and ruling on all the objections and proposed changes by the parties, the Class Action Notice was issued on January 26, 2011. The Court granted class members until February 26, 2011, to postmark their opt-outs and specified said deadline in the Class Action Notice. At that time, there was no disagreement about the reasonableness of the deadline.

Colegio filed the instant motions on February 18 and February 22, 2011, respectively, requesting an extension of time for class members to opt-out in light of allegedly unforeseen developments. Specifically, Colegio relies on the fact that: (1) 1,268 of the 13,445 Class Action Notices mailed by Rust Consulting were returned as undeliverable; (2) some class members passed away after the relevant class period and their heirs allegedly lack sufficient information on how to exclude the deceased class members; (3) many class members who allegedly wish to opt-out have an outdated record with Colegio because of death, because of recent changes of address, or because they are no longer part of Colegio; and (4) confusion has allegedly been created among class members who worked, during the relevant time period, for the non-profit legal organizations who filed motions to intervene in this case. Class Plaintiffs' oppose the request.

---

2. The Court also held two other hearings and conferences after the Class Action Notice was mailed (Nos. 305 and 317).

CIVIL NO. 06-1645 (JP)          -3-

## II.

## **Undeliverable Class Action Notices**

Colegio argues that the opt-out period should be extended because 1,268 of the 13,445 Class Action Notices mailed by Rust Consulting, around 9.5%, were returned as undeliverable.[3]

Said argument fails. Under Fed. R. Civ. P. 23(c), the Court must direct the best notice that is practicable under the circumstances. However, Rule 23 does not require that each and every class member receive actual notice. See generally, Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 317-18 (1950); see also, Carlough v. Amchem Products, Inc., 158 F.R.D. 314, 325 (E.D.Pa. 1993).

In the instant case, the fact that around 9.5% of the Class Action Notices have been returned as undeliverable is not unexpected and does not warrant extending the opt-out deadline.[4] In fact, larger percentages of undeliverable notices have resulted in notice procedures being approved. See Grunin v. International House of Pancakes, 513 F.2d 114, 121-22 (8th Cir. 1975) (approving notice procedure where 33% of class members not reached by mailing); Trist v. First Federal Savings & Loan Association of Chester, 89 F.R.D. 1, 2 (D.C.Pa. 1980) (approving notice when approximately 12.5% of notices were returned as undeliverable).

---

3. Colegio also relies on the fact that the protective order has limited communication to class members. However, Colegio conveniently neglects to mention that it breached the protective order on more than one occasion to provide class members with misleading information (No. 319). Colegio should have instead spent its time drafting a neutral communication to be approved by the Court and directed at class members.

4. Colegio has failed to explain why 9.5% of class members have not received the notice or why this is unexpected or surprising.

CIVIL NO. 06-1645 (JP)          -4-

Further, because of the fact that it was expected that not all individual notices would reach class members, the Court ensured that the Class Action Notice and the information on it was disseminated through other means.[5] The Class Action Notice in this case is available on this Court's website (www.prd.uscourts.gov/), on Colegio's website (www.capr.org), and on an informational website (www.colegiolitigation.com). Also, a toll-free number, 1-866-329-4703, has been set up with information for the benefit of class members. All of this information is available in English and Spanish as requested by Colegio. The Court has also offered Colegio the opportunity to have the Class Action Notice published in a newspaper but, as far as the Court is aware, it has not happened (No. 237).[6]

In addition, the issues surrounding the opt-outs have been heavily covered in the media, especially during the opt-out period. Numerous articles have been published in the major newspapers of Puerto Rico. There has also been a massive campaign sponsored by individuals encouraging class members to opt-out through a website,

---

5.   In fact, Colegio itself, during the process of developing the final Class Action Notice, suggested that information relating to this case be made available to class members through other means in addition to the individual notices (No. 219, p. 2).

6.   The Court also provided Colegio with an opportunity to issue a Court-approved communication through email and/or publication in a newspaper (Nos. 384 and 398). See the full-page Communication to Class Members published in EL NUEVO DÍA, a newspaper of general circulation, edition of February 24, 2011, p.25, attached as Appendix I.

CIVIL NO. 06-1645 (JP)          -5-

(http://www.yonosoydeesaclase.com/),[7] "robo-calls,"[8] and newspapers.[9] The instructions for opting out have even been entered in the United States Congressional Record by Congressman Luis V. Gutiérrez, representing Illinois' Fourth District.[10] The Court finds that, at this point, it is highly unlikely that any class member has not received notice or heard about the opt-out procedures in this case.

Colegio also relies on the language in the Class Action Notice stating that the address to be placed on the opt-outs to be mailed to the administrator should match the address to which the notice was mailed. As Colegio is well aware, the purpose of said instruction is to benefit class members who wish to opt-out and Colegio because it facilitates the process of identifying class members for the administrator. The Court has no interest in keeping class members in the class who have made the informed decision of opting-out by mailing their opt-out to the administrator, after having the neutral Class Action Notice made available to them.

The Court has informed counsel that it will make equitable decisions regarding the accounting of opt-outs that strictly fail on unimportant technical requirements.

---

7.   The information on the website and its creator is attached to this Order as Appendix II.

8.   The "robo-call" campaign has extended to the point where even court employees have received the "robo-calls" on their office phone numbers, encouraging them to opt-out of the class and informing them that if they want more information, they should call 787-277-0670 and 787-374-8348. Also, class members are referred to the website http://www.yonosoydeesaclase.com/.

9.   Attached to this Order as Appendix III is one advertisement placed in EL NUEVO DÍA on February 25, 2011, p. 54.

10.  The video is available at: http://www.youtube.com/watch?v=QJhmoV01xQI.

CIVIL NO. 06-1645 (JP)          -6-

### III.

### Passing Away of Class Members

Colegio argues that the opt-out period should be extended because it was unforeseen that class members would pass away. The suggestion that it was unforeseen that some class members had passed away from 2006 until the current date is ludicrous. Nothing further need be said about the matter.[11]

Also, there is no reason to conclude that the heirs of the deceased class members lack sufficient information to opt-out if they wish to do so. If they wish to not receive the damages they are entitled to, they can follow the instructions in the Class Action Notice.[12] With regard to class members who passed away between 2002 and 2006, the Court has already determined, and had previously informed the parties of its decision, that it will not award damages to those class members who passed away between those years and who collected on Colegio's insurance program. It would be unfair and inequitable for a class member who collected to receive compensation.

### IV.

### Outdated Record With Colegio

Colegio argues that it was unforeseeable that many class members would have an outdated record with Colegio because of death, because of recent changes of address, or because they are no longer part of Colegio. This argument fails. As explained above, it was expected

---

11. The Court notes that this is not the first time Colegio has raised such an untimely request (No. 305).

12. Further support for the decision of the Court that the heirs have sufficient information is found in statements of an individual who not only mailed her own opt-out, but also mailed one on behalf of her deceased father who is also part of the class (No. 364, p. 10).

CIVIL NO. 06-1645 (JP)          -7-

that the individually-mailed class notice would not reach every class member. This is specifically why the Court established the other methods for distributing the Class Action Notice, such as posting it on the Colegio's website, the Court's website, and the other methods explained previously in the section of this Order dealing with the undelivered mail. As such, the Court finds that Colegio's allegation that it was "unexpected" that Colegio had outdated records is incorrect.

**V.**

**<u>Class Members Who Worked for Non-Profit Legal Organizations</u>**

Colegio argues that confusion has been created among class members who worked, during the relevant time period, for the non-profit legal organizations who filed motions to intervene in this case. Specifically, Colegio argues that said class members do not know whether they must opt-out, since the non-profit organizations state that they and not the class members paid for the class members' dues owed to Colegio.

Said argument equally fails. No confusion has been or should have been created by the mere filing of the motions to intervene. The controlling source providing instructions on the opt-out procedures is the Class Action Notice. Said Notice clearly states that it is the class members who must decide whether they wish to opt-out. The mere filing of the motions to intervene by the non-profit legal organizations is insufficient to alter the clear instructions of the Class Action Notice. If the Court were to grant the motions to intervene, then the Court might have to revisit this issue. However, since the Court has not ruled on said motions, the

CIVIL NO. 06-1645 (JP)          -8-

procedures set out in the Class Action Notice are controlling and there is no reason to extend the opt-out deadline.

Accordingly, the Court hereby **DENIES** Colegio's motions for an extension of time to the opt-out period.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of February, 2011.

                                                    S/JOSE ANTONIO FUSTE
                                                  JOSÉ ANTONIO FUSTÉ
                                                  CHIEF U.S. DISTRICT JUDGE