IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HERBERT W. BROWN III, et al.,<br><br>        Plaintiffs<br><br>            v.<br><br>COLEGIO DE ABOGADOS DE PUERTO RICO,<br><br>        Defendant | CIVIL NO. 06-1645 (JP) |

## OPINION AND ORDER

Before the Court are: (1) Servicios Legales de Puerto Rico, Inc.'s ("SLPR") motion to intervene and to decertify the damages class in this case (**No. 327**);[1] (2) Pro-Bono, Inc., Servicios Voluntarios del Colegio de Abogados de Puerto Rico's ("Pro-Bono") motion to intervene and to decertify the damages class in this case (**No. 336**); (3) Sociedad Para Asistencia Legal de Puerto Rico's ("SALPR") motion to intervene and to decertify the damages class in this case (**No. 351**); (4) Class Plaintiffs' opposition thereto (No. 368); (5) Ada Conde-Vidal's ("Conde") motion to intervene and to decertify the damages class (**No. 432**); and (6) Michael Cartas-Ramírez and Yazmine Vargas-Ramírez's motion to intervene and for decertification of the damages class (**No. 435**). For the reasons stated herein, said motions are hereby **DENIED**.[2]

---

1. Also before the Court are SLPR's supplemental motion (**No. 399**) and its motion for leave to file Spanish language documents (**No. 400**). Said motions are **NOTED**.

2. George Otero Calero filed a motion requesting to be opted-out (**No. 360**). Said motion is **NOTED**. George Otero Calero will be opted-out if he complied with the simple opt-out procedures established in the Class Action Notice.

CIVIL NO. 06-1645 (JP)          -2-

## I.

### INTRODUCTION

On June 27, 2006, Class Plaintiffs filed the instant class action against Colegio de Abogados de Puerto Rico ("Colegio") alleging that Colegio had violated the First Amendment rights of its members. Thereafter, Class Plaintiffs moved to certify two classes, one for declaratory relief and one for damages, and moved for summary judgment arguing that the decision in <u>Romero v. Colegio de Abogados de Puerto Rico</u>, Civil Case No. 94-2503, had preclusive effect in the instant action.

On July 31, 2008, the Court certified both of the requested classes. The damages class, certified under Fed. R. Civ. P. 23(b)(3), consists of all attorneys practicing in the Commonwealth of Puerto Rico local courts from 2002-2006, who were obligated to pay Colegio their yearly annual membership renewal fee in order to practice law in this jurisdiction. The Court then entered summary judgment and Final Judgment for the Class Plaintiffs on September 25, 2008, finding that Colegio's compulsory life insurance program violated the federal constitution.[3] The Court later amended its Judgment to add

---

3. The Court also notes that Colegio was aware since the <u>Romero</u> decision in 2002 that its compulsory life insurance program violated the First Amendment. However, Colegio ignored said decision and continued to require attorneys to take part in the life insurance program. Further, Colegio did not fully advise its members that they no longer had to purchase the insurance, threw obstacles in front of those trying to opt-out, delayed refunds, and even moved to disbar one individual who refused to pay that portion of his dues attributable to the insurance program. <u>Brown v. Colegio de Abogados de Puerto Rico</u>, 613 F.3d 44, 49 (1st Cir. 2010).

CIVIL NO. 06-1645 (JP)           -3-

damages in the amount of $4,156,988.70, plus costs, interest and attorney's fees.

Colegio appealed. On July 23, 2010, the First Circuit Court of Appeals issued an opinion in which it affirmed this Court's finding of liability, that Colegio breached its members federal constitutional rights, and this Court's decision to grant injunctive relief. The First Circuit also confirmed the classes certified in this case. However, the First Circuit vacated this Court's Judgment insofar as it determined the amount of damages. The First Circuit ordered the Court to provide class members with notice including their right to opt-out. After the expiration of the notice period, the First Circuit authorized the Court to reinstate the damage award as calculated before but this time excluding damages otherwise attributable to those who opted-out of the class.

After the case was remanded, the parties and the Court began, on September 2, 2010, (No. 168), the process of preparing a notice to be issued to class members with the Court-approved opt-out procedures. Prior to the issuance of the Class Action Notice and to the Court approving the procedures for opting-out, Colegio began issuing communications (Nos. 183 and 188) to class members requesting that they opt-out through a form distributed by Colegio.

As such, Class Plaintiffs filed a motion for a protective order arguing that the communications being disseminated by Colegio were misleading. After considering the arguments, the Court determined

CIVIL NO. 06-1645 (JP)          -4-

that the communications issued by Colegio were both misleading and aimed at coercing class members into opting-out (No. 202). Thus, the Court entered a narrowly-tailored protective order precluding Colegio from communicating directly or indirectly with class members without prior leave of Court regarding this litigation or the claims therein until the class notice was provided and the opt-out procedures were completed.

The Class Action Notice in this case was officially mailed on January 26, 2011, to class members utilizing the addresses produced by Colegio. Said notice established a simple Court-approved procedure for opting-out and provided class members with a neutral and accurate account of the proceedings in this case.[4] To opt-out, class members had to mail and postmark a letter, on or before February 26, 2011, to the Brown v. Colegio de Abogados Administrator (the "Administrator") stating "I do not want to be part of the Damages Class in Brown v. Colegio de Abogados de Puerto Rico, CV 06-1645 (JP)." Said request had to be signed, and include the name, address and telephone number of the class member. Also, the notice stated that the address listed should be the address to which the notice was mailed so that individual class members could be easily identified.

After the Class Action Notice was sent, Colegio decided to violate the protective order in this case and began disseminating more inaccurate and misleading information to class members. There

---

4.   Such a neutral and accurate notice was necessary in order to clarify the misleading information previously disseminated by Colegio.

CIVIL NO. 06-1645 (JP)          -5-

is no need to go into the misinformation disseminated by Colegio as said misinformation has been accurately summarized in multiple orders, including the Court's order finding Colegio and its President, Osvaldo Toledo, in civil contempt (Nos. 319, 384, and 398).

## II.

## MOTIONS TO INTERVENE AS OF RIGHT

In the instant case, SLPR, Pro-Bono, SALPR, and Conde move to intervene as matter of right under Fed. R. Civ. P. 24(a) and to decertify the damages class. The Court will now consider the parties' arguments.[5]

### A.   Intervention as of Right under Rule 24(a)(2)

To intervene as a matter of right under Rule 24(a)(2), "a putative intervenor must establish (i) the timeliness of its motion to intervene; (ii) the existence of an interest relating to the property or transaction that forms the basis of the pending action; (iii) a realistic threat that the disposition of the action will impede its ability to protect that interest; and (iv) the lack of adequate representation of its position by any existing party." R & G Mortgage Corp. v. Federal Home Loan Mortgage Corp., 584 F.3d 1, 7 (1st Cir. 2009). Failure to meet any one of these requirements will doom the attempt at intervention. Id.

---

5.   The Court notes that it will address the arguments raised by SALPR, SLPR, and Pro-Bono together because they all present essentially the same arguments.

CIVIL NO. 06-1645 (JP)        -6-

SLPR, Pro-Bono, and SALPR moved to intervene as a matter of right under Rule 24(a)(2). SLPR, Pro-Bono, and SALPR are non-profit organizations which provide free legal services to the indigent population within Puerto Rico. SLPR, Pro-Bono, and SALPR are authorized to pay and have paid the annual membership dues its employees were required to pay, for the years 2002 through 2006, to Colegio as a condition to practice law within Puerto Rico.[6]

The non-profit legal organizations argue that they should be allowed to intervene in this case because they meet all the requirements for intervention and argue that the damages class should be decertified because it is based on the flawed assumption that all attorneys in Puerto Rico paid for their annual membership fee to Colegio. Lastly, SLPR, Pro-Bono, and SALPR state that they do not wish to receive any of the funds they paid to Colegio on behalf of their employees.

### 1. **Timeliness**

SLPR, Pro-Bono, and SALPR argue that their request is timely because they filed the instant motions only days after learning, from reading the Class Action Notice in February 2011, that their proprietary interests over the funds used to pay the membership dues were implicated.

---

6.   From 2002 to 2006, the non-profits state they paid the annual fees to Colegio on behalf of their attorneys as follows: (1) SLPR paid the annual fee for 130 attorneys; (2) Pro-Bono paid in 2002 for three attorneys, in 2003 for five attorneys, in 2004 for three attorneys, in 2005 for five attorneys, and in 2006 for four attorneys; and (3) SALPR paid the annual fee for 120 of its attorneys.

CIVIL NO. 06-1645 (JP)          -7-

Timeliness is an issue that is fact-sensitive and depends on the totality of the circumstances. Banco Popular de Puerto Rico v. Greenblatt, 964 F.2d 1227, 1230-31 (1st Cir. 1992). Of high relevance in said timeliness inquiry is the status of the litigation at the time of the request. Id. at 1231. As the litigation approaches its conclusion, the scrutiny attached to the request for intervention intensifies. Id.

Generally, four factors are involved in "the timeliness inquiry: (i) the length of time that the putative intervenor knew or reasonably should have known that his interests were at risk before he moved to intervene; (ii) the prejudice to existing parties should intervention be allowed; (iii) the prejudice to the putative intervenor should intervention be denied; and (iv) any special circumstances militating for or against intervention." R & G Mortgage Corp., 584 F.3d at 7.

After considering the arguments, the Court finds that the putative intervenors' argument fails. This case has been ongoing for close to five years. At the time the instant motions were filed, this case was, and still is, near its conclusion. The motions to intervene were filed on February 11, 2011 (No. 327), on February 14, 2011 (No. 336), and on February 18, 2011 (No. 351). Said motions were also filed during the opt-out period which ended on February 26, 2011. After the opt-out period, all that is left is to recalculate the damages in this case in order to enter Final Judgment.

CIVIL NO. 06-1645 (JP)          -8-

Contrary to the putative intervenors' contentions, they were either aware or should have been aware of this case and that the membership fees they paid for their employees were implicated prior to the issuance of the Class Action Notice. As early as December 8, 2006, putative intervenors knew or reasonably should have known about this case and that the membership fees they paid for their employees were involved. Colegio's President at the time, Celina Romany-Siaca, sent a letter to all members of Colegio informing them that this case had been filed against Colegio and that this case had to do with the use of Colegio's membership fees to pay for the life insurance (No. 368-1).

Also, on Colegio's website ([www.capr.org](www.capr.org)) is a letter dated June 2, 2009, in which Colegio members were informed that judgment had been entered in the instant action. See Appendix 1.[7] Colegio's website also makes the Opinion and Order and the Final Judgment entered by Judge Jaime Pieras, Jr. available to its members. Based on this information alone, the Court concludes that, as early as 2006 and no later than June 2009, the non-profit **legal** organizations SLPR, Pro-Bono, and SALPR either knew or should have reasonably known about this case and that the membership fees they paid for their employees

---

7.   The June 2, 2009 letter issued by Colegio to its members is available at: http://www.capr.org/index.php?option=com_content&view=article&id=79:caso-herbert-w-brown-&catid=1:latest. It is labeled as "Carta del Lic. Arturo Hernandez a la matricula[.]"

CIVIL NO. 06-1645 (JP)            -9-

were implicated.[8] Such a delay is inexcusable and cannot be tolerated, especially in a case such as this one which is so near its conclusion. In this case, this is more than sufficient reason to find the putative intervenors' request untimely.

Furthermore, the Court finds that the allegations by SLPR, SALPR, and Pro-Bono that they did not become aware of this case and of the damages class until February 2011 to be unsupported by the record. First, as Class Plaintiffs correctly point out, it seems unrealistic to claim that said non-profits were not aware of this case during October or November 2010 when an opt-out form was being circulated among class members (No. 183-1), when at the very least one article about this case was published in a newspaper of general circulation (No. 188-2), and when Colegio sent emails to class members regarding this case (Nos. 188-1 and 210).

Also, the actions of SALPR, SLPR, and Pro-Bono's executive directors and/or board members support the conclusion that said non-profits were aware of this case and of the damages class defined herein on or about October or November 2010. The Court was able to determine that the executive directors and/or board members of the putative intervenors had knowledge of this case and of the damages class by quickly cross-referencing said board members and/or

---

8.  Further evidence that they knew or should have known is a letter, dated June 5, 2009 and located in the same place in Colegio's website as the June 2, 2009 letter, in which Colegio's attorneys explain Judge Pieras' decision in this case. See Appendix 2. The letter is labeled as "Carta de los abogados del caso" on Colegio's website.

CIVIL NO. 06-1645 (JP)           -10-

executive directors with the list of attorneys who submitted pre-notice opt-outs (No. 411).[9]

The executive director of SLPR, Charles S. Hey-Maestre, signed a pre-notice opt-out on October 27, 2010 (No. 411-7, p. 47). See Appendix 3.[10] With regard to Pro-Bono, its executive director, Luis E. Rodríguez-Lebrón, signed a pre-notice opt-out on October 29, 2010 (No. 411-3, p. 19), and its board member, Jesús M. Jiménez-González, also signed a pre-notice opt-out on October 29, 2010 (No. 411-8, p. 81). See Appendix 4.[11] SALPR's executive director, Federico Rentas-Rodríguez, signed a pre-notice opt-out at the end of October 2010 (No. 411-6, p. 38). See Appendix 5.[12] Based on said evidence, the Court determines that SALPR, SLPR, and Pro-Bono were actually aware of this case and of the damages class herein no later than October or November 2010. The late stage of the proceedings in this case makes such a three- to four-month delay inexcusable and is sufficient by itself to find the motions untimely. Making the delay even more inexcusable is the fact that said non-profit organizations are composed of lawyers.

---

9.  The Court notes that a more thorough review of said list will probably reveal more board members, executives, and/or employees of the non-profits who were aware of this case and of the damages class.

10. The information listing said attorney as the executive director of SLPR is available at: http://www.servicioslegales.org/Home/PublicWeb/sobrenosotros.

11. The information listing said attorneys as executive director and a board member of Pro-Bono is available at: http://www.probonopr.org/quienes-somos/que-es-probono//probono/personal.

12. The information listing said attorney as executive director of SALPR is available at: http://www.salpr.org/oficinas/1/.

CIVIL NO. 06-1645 (JP)          -11-

Accordingly, since the putative intervenors have failed to meet one of the requirements to intervene as a matter of right, their motions to intervene fail. <u>Warminster Inv. Corp. v. Horizons Hotels Corp.</u>, 191 F.R.D. 48, 49 (D.P.R. 1999) (citing <u>Travelers Indem. Co. v. Dingwell</u>, 884 F.2d 629, 637 (1st Cir. 1989)).

Even though SLPR, Pro-Bono, and SALPR's intervention request fails the timeliness requirement, the Court will proceed to analyze requirements two and three for intervention and the requirements under Fed. R. Civ. P. 24(c), since the putative intervenors fail to meet said requirements also.

### 2.    **Interest in the damages to be paid to class members**

SLPR, Pro-Bono, and SALPR argue that they have an interest in the damages to be paid to class members who served as their employees during the relevant time period because they are the rightful owner of the funds that were used to pay the membership dues to Colegio in question here.

After considering the arguments, the Court finds that the putative intervenors have failed to meet this requirement. First, the putative intervenors have admitted that they neither have a claim against Colegio nor desire to pursue one. This alone is sufficient to deny their claim that they have an interest in the funds to be paid to class members.

Moreover, under 42 U.S.C. § 1983, class members, and not the non-profit legal organizations, had their rights violated by Colegio

CIVIL NO. 06-1645 (JP)            -12-

when Colegio conditioned their ability to practice law on taking part in Colegio's life insurance program. As such, it is the individual class members who have a right to damages for Colegio's violations even if said non-profits paid for certain class members' dues to Colegio. SLPR, Pro-Bono, and SALPR lack any interest related to the claims under 42 U.S.C. § 1983.

    **3.**    **Threat that payment of damages to class members will impede the non-profits' ability to protect their interest**

SLPR, Pro-Bono, and SALPR argue that they would be prejudiced by the return of the funds to the class members who were employed by said non-profit agencies during the relevant time period and who never paid for the life insurance fees. Said argument fails because the putative intervenors have made clear that they have no interest in receiving any of the fees illegally charged by Colegio. As such, said non-profits cannot claim that their ability to protect their interest in the funds will be impeded since they will be in the same position whether Colegio or the class members have the funds. That is, the funds will be out of their possession. Alternatively, the putative intervenors' rights would not be affected as they could still seek reimbursement directly from class members for whom they paid Colegio's compulsory life insurance during the relevant time period.

CIVIL NO. 06-1645 (JP)          -13-

### 4. <u>Fed. R. Civ. P. 24(c)</u>

Class Plaintiffs argue that the putative intervenors' motions should also be denied for failing to comply with Fed. R. Civ. P. 24(c). Fed. R. Civ. P. 24(c) states:

> [a] motion to intervene must be served on the parties as provided in Rule 5. The motion **must** state the grounds for intervention and **be accompanied by a pleading** that sets out the claim or defense for which intervention is sought. (emphasis added).

After considering the argument, the Court agrees with Class Plaintiffs. The language of Rule 24(c) is mandatory and not permissive. <u>Public Citizen v. Liggett Group, Inc.</u>, 858 F.2d 775, 783-84 (1st Cir. 1988). Said rule "sets forth reasonable procedural requirements to insure that claims for intervention are handled in an orderly fashion." <u>Id.</u> In the instant case, SLPR, Pro-Bono, and SALPR have failed to provide any pleading setting forth a claim or defense against Colegio. Actually, they have made it quite clear they have no claims or interest against Colegio. Accordingly, the Court determines that SLPR, Pro-Bono, and SALPR have not complied with the requirements of Rule 24(c) and, therefore, their requests to intervene fail. <u>See</u> <u>Public Service Company of New Hampshire v. Patch</u>, 136 F.3d 197, 205 n.6 (1st Cir. 1998) (stating that failure to comply with Rule 24(c) warrants dismissal of the motion).

In light of SLPR, Pro-Bono, and SALPR's inability to meet the requirements for intervention as of right, their motions (**Nos. 327,**

CIVIL NO. 06-1645 (JP)          -14-

**336, and 351**) are hereby **DENIED**.[13] The Court also hereby **ORDERS** Class Plaintiffs to file certified English translations of all the appendixes attached to this Order and the relevant documents attached to docket number 411 **on or before April 1, 2011**.

B.   <u>**Motion to Intervene as a Matter of Right under Rule 24(a)(1)**</u>

In her motion, Conde moves to intervene pursuant to Fed. R. Civ. P. 24(a)(1) arguing that her intervention is timely since she filed the motion on February 25, 2011. That is one day after Conde learned for the first time that she was a member of the damages class from a publication in a local newspaper. Conde seems to state that the damages class should be decertified because 28 U.S.C. § 1715 of the Class Action Fairness Act was violated when the notice required by said statute was not provided and when the appropriate state official was not joined.[14]

Rule 24(a)(1) states that "[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute[.]"

Conde's motion to intervene lacks merit. Similar to the motions filed by SLPR, SALPR, and Pro-Bono, Conde either was aware or should

---

13.   The Court notes that even if the putative intervenors had a right to intervene, there would be no need to decertify the damages class. As evidenced by SLPR's supplemental motion identifying which class members, and for which years, SLPR paid their dues to Colegio (No. 399), any damages due to class members who did not opt-out and whose dues were paid by the putative intervenors, and only the putative intervenors since they are the only ones who sought to intervene, could be easily removed from the final amount to be paid by Colegio.

14.   The Court did its best to reconcile Conde's unclear arguments.

CIVIL NO. 06-1645 (JP)          -15-

have been aware of the instant case as early as 2006 and no later than June 2009. The Court makes said finding based on the same evidence that was used for SALPR, SLPR, and Pro-Bono. Specifically, the Court relies on: (1) the December 6, 2008, letter from Colegio's President at the time informing class members, such as Conde, that this case had been filed against Colegio and that this case had to do with the use of Colegio's membership fees to pay for the life insurance program (No. 368-1); (2) the June 2, 2009, letter in which class members were informed that judgment had been entered in the instant action; and (3) Colegio's website which makes both the Opinion and Order, and Judgment entered in this case available. As previously explained, said delay is unjustifiable in a case such as this one which is so near its conclusion.

Furthermore, the Court finds that the statement by Conde that she did not become aware of this case and that she was a class member until February 24, 2011, is a lie. An examination of the pre-notice opt-outs submitted at docket 411 reveals that Conde was aware of this case and that she was a member of the class as far back as September 10, 2010 (No. 411-1, p.16). In said pre-notice opt-out, Conde writes and signs her name, her Colegio number, and the date of September 10, 2010. The Court notes that the Colegio number and both of the last names on the pre-notice opt-out match those listed in the instant motion (No. 432). As such, the Court finds that Conde's motion is untimely because, at such a late stage in the proceedings,

CIVIL NO. 06-1645 (JP)          -16-

her filing of the instant motion on February 25, 2011, is inexcusable when she was aware of the instant case and of the fact that she was part of the damages class since at least September 10, 2010.[15]

Accordingly, since Conde's motion is untimely, the Court finds that she fails to meet the requirements for intervention and her motion (**No. 432**) is hereby **DENIED**.

Moreover, the Court notes that Conde's motion to intervene also fails procedurally because Conde has not identified which part of the Class Action Fairness Act provides her with an unconditional right to intervene as required by Fed. R. Civ. P. 24(a)(1) and because she has not filed a pleading setting forth the claim or defense for which the intervention was sought as required by Fed. R. Civ. P. 24(c).

Lastly, the Court notes that even if Conde could intervene, her motion can only be classified as incoherent and near-frivolous. She argues that 28 U.S.C. § 1715(b) has been violated: (1) because the only notice provided in this case is the February 24, 2011, article in a local newspaper;[16] and (2) because no notice has been provided to the appropriate state official and said state official has not been joined.

---

15.  Also, there is ample evidence on the record that Conde received further notice of this case during October and/or November 2010 by way of the opt-out form circulated among class members (No. 183-1), of at least one article published regarding this case (No. 188-2), and of Colegio's emails to class members (Nos. 188-1 and 210).

16.  The Court is uncertain as to which article Conde is referring to since she failed to attach said newspaper article with her motion. The Court assumes Conde is referring to the communication that the Court allowed Colegio to publish (Nos. 384 and 398).

CIVIL NO. 06-1645 (JP)          -17-

However, the notice that Conde is referring to is the type of notice to be given when "a proposed settlement of a class action is filed in court[.]" 28 U.S.C. § 1715(b). A "proposed settlement" refers to "an agreement regarding a class action that is subject to court approval and that, if approved, would be binding on some or all class members." 28 U.S.C. § 1711(6). Perhaps Conde is not aware of this but there has been no "proposed settlement" of this class action filed with the Court. As such, there is no need to serve said non-existing "proposed settlement" with the appropriate state official or to provide class members with said notice.[17]

### III.

### **MOTION FOR PERMISSIVE INTERVENTION**

Michael Cartas-Ramírez and Yazmine Vargas-Ramírez filed a motion for permissive intervention under Fed. R. Civ. P. 24(b) and to decertify the damages class. Said individuals are the heirs of Gloria Iris Ramírez-Soto (the "deceased"), who passed away on October 22, 2004. The deceased was a class member in this case and her heirs collected on the mandatory life insurance established by Colegio. Michael Cartas-Ramírez and Yazmine Vargas-Ramírez state that it would be unfair for them to receive any proceeds from this class action and

---

17. Conde seems to be unaware that a Class Action Notice was mailed on January 26, 2011, that an informational website and toll-free number were set up for the benefit of class members, and that the Class Action Notice has also been posted on both the Court and Colegio's website. All of this was done in Spanish and English.

CIVIL NO. 06-1645 (JP)        -18-

argue that they have not been adequately represented by Class Plaintiffs.

Said argument fails. The Court has already ruled on this issue and determined that those individuals who collected on Colegio's life insurance would be excluded from this class. The Court previously informed the parties of its decision and said decision was thereafter reflected on the record (No. 449, p. 6).[18] As such, the arguments regarding lack of adequate representation fail and the motion (**No. 435**) is, therefore, **DENIED**.[19]

## IV.

## CONCLUSION

Thus, the Court hereby: (1) **DENIES** the motions (**Nos. 327, 336, and 351**) to intervene and to decertify the damages classes filed by SALPR, SLPR, and Pro-Bono; (2) **NOTES** SLPR's supplemental motion (**No. 399**) and its motion to file Spanish language documents (**No. 400**); (3) **NOTES** George Otero-Calero's motion to opt-out (**No. 360**); (4) **DENIES** Conde's motion to intervene and to decertify the damages class (**No. 432**); and (5) **DENIES** the motion to intervene

---

18. The Court notes that this decision was made prior to the Class Action Notice being issued and that it decided to send the Class Action Notice to class members such as the deceased in order to provide their heirs with information about this case.

19. The Court notes that the motion to intervene also fails because, similar to the other motions to intervene, no pleading was put forth setting out the claim or defense for which intervention was sought. Fed. R. Civ. P. 24(c).

CIVIL NO. 06-1645 (JP)          -19-

and to decertify the damages class filed by Michael Cartas-Ramírez and Yazmine Vargas-Ramírez (**No. 435**).

Furthermore, the Court hereby **ORDERS** Class Plaintiffs to file certified English translations of all the appendixes attached to this Order and of the relevant documents attached to docket number 411 **on or before April 1, 2011.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of March, 2011.

```
                              S/JOSE ANTONIO FUSTE
                              JOSÉ ANTONIO FUSTÉ
                              CHIEF U.S. DISTRICT JUDGE
```