IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HERBERT W. BROWN III, et al., | |
| Plaintiffs | |
| v. | CIVIL NO. 06-1645 (JP) |
| COLEGIO DE ABOGADOS DE PUERTO RICO, | |
| Defendant | |

## <u>O R D E R</u>

Before the Court is José Nieves-Trilla, Eugenio Alemañy-Fernández, Quintín Morales-Ramírez, Carlos Sotomayor-Rodríguez, Ramón Quiñones, José Arsuaga, R.A. De Castro, David Vélez, Judith Torres-Medina, Federico Cedó-Alzamora, Carlos M. Franco, Peter Trías-Grimes (represented by attorney Héctor Meléndez-Cano), Carlos Ríos-Hernández, Carlos Rivera-Davis, Rubén Vélez-Torres, Pablo Valentín-Torres, and Carlos Pérez-Zavala's ("Putative Intervenors") motion (**No. 508**) requesting intervention as a matter of right, an extension of the opt-out period, and decertification of the damages class. For the reasons stated herein, said motion is hereby **DENIED.**[1]

---

1.     Also before the Court is Antonio Fernós ("Fernós") and Pedro Varela's ("Varela") motion to join (**No. 509**). Said motion is **DENIED.**

CIVIL NO. 06-1645 (JP)          -2-

## I.

## INTRODUCTION

On June 27, 2006, Class Plaintiffs filed the instant class action against Colegio de Abogados de Puerto Rico ("Colegio") alleging that Colegio had violated the First Amendment rights of its members. Thereafter, Class Plaintiffs moved to certify two classes, one for declaratory relief and one for damages, and moved for summary judgment arguing that the decision in Romero v. Colegio de Abogados de Puerto Rico, Civil Case No. 94-2503, had preclusive effect in the instant action.

On July 31, 2008, the Court certified both of the requested classes. The damages class, certified under Fed. R. Civ. P. 23(b)(3), consists of all attorneys practicing in the Commonwealth of Puerto Rico local courts from 2002-2006, who were obligated to pay Colegio their yearly annual membership renewal fee in order to practice law in this jurisdiction. The Court then entered summary judgment and Final Judgment for the Class Plaintiffs on September 25, 2008, finding that Colegio's compulsory life insurance program violated the federal constitution.[2] The Court later amended its Judgment to add

---

2.    The Court also notes that Colegio was aware since the Romero decision in 2002 that its compulsory life insurance program violated the First Amendment. However, Colegio ignored said decision and continued to make the payment of the life insurance mandatory. Further, Colegio did not fully advise its members that they

CIVIL NO. 06-1645 (JP)          -3-

damages in the amount of $4,156,988.70, plus costs, interest, and attorney's fees.

Colegio appealed. On July 23, 2010, the First Circuit Court of Appeals issued an opinion in which it affirmed this Court's finding of liability, that Colegio breached its members federal constitutional rights, and the Court's decision to grant injunctive relief. The First Circuit also affirmed the classes certified in this case. However, the First Circuit vacated this Court's Judgment insofar as it determined the amount of damages. The First Circuit ordered the Court to provide class members with notice including their right to opt-out. After the expiration of the notice period, the First Circuit authorized the Court to reinstate the damage award as calculated before but this time excluding damages otherwise attributable to those who opted-out of the class.

After the case was remanded, the parties and the Court began, on September 2, 2010 (No. 168), the process of preparing a notice to be issued to class members with the Court-approved opt-out procedures. Prior to the Class Action Notice establishing the opt-out procedures being issued and as early as

no longer had to purchase the insurance, threw obstacles in front of those trying to opt-out, delayed refunds, and even moved to disbar one individual who refused to pay that portion of his dues attributable to the insurance program. Brown v. Colegio de Abogados de Puerto Rico, 613 F.3d 44, 49 (1st Cir. 2010).

CIVIL NO. 06-1645 (JP)            -4-

October 18, 2010, various petitions were filed with the Court requesting to opt-out of the damages class. Also, prior to the issuance of the Class Action Notice and to the Court approving the procedures for opting-out, Colegio began issuing communications (Nos. 183 and 188) to class members requesting that they opt-out through a form distributed by Colegio.

As such, Class Plaintiffs filed a motion for a protective order arguing that the communications being disseminated by Colegio were misleading. After considering the arguments, Judge Jaime Pieras, Jr. determined that the communications issued by Colegio were both misleading and aimed at coercing class members into opting-out (No. 202). Judge Pieras also determined that the opt-out forms submitted through the electronic filing system would not be considered valid since class members had not had the opportunity to receive the neutral Class Action Notice with the Court-approved opt-out procedures and since class members could have easily have been misled by Colegio's communications. Accordingly, Judge Pieras entered a narrowly tailored protective order precluding Colegio from communicating directly or indirectly with class members without prior leave of Court regarding this litigation or the claims therein until the class notice was provided and the opt-out procedures were completed.

CIVIL NO. 06-1645 (JP)            -5-

   The Class Action Notice in this case was officially mailed on January 26, 2011 to class members utilizing the addresses produced by Colegio. Said notice established a simple Court-approved procedure for opting-out and provided class members with a neutral and accurate account of the proceedings in this case.[3] To opt-out, class members had to mail and postmark a letter, on or before February 26, 2011, to the Brown v. Colegio de Abogados Administrator (the "Administrator") stating "I do not want to be part of the Damages Class in Brown v. Colegio de Abogados de Puerto Rico, CV 06-1645 (JP)." Said request had to be signed, and include the name, address and telephone number of the class member. Also, the notice stated that the address listed should be the address to which the notice was mailed so that individual class members could be easily identified.

   After the Class Action Notice was sent, Colegio decided to violate the protective order in this case and began disseminating more inaccurate and misleading information to class members. There is no need to go into the misinformation disseminated by Colegio as said misinformation has been accurately summarized in multiple orders including the Court's

----

3.    Such a neutral and accurate notice was necessary in order to rectify the
      misleading information previously disseminated by Colegio.

CIVIL NO. 06-1645 (JP)          -6-

order finding Colegio in civil contempt (Nos. 319, 384, and 398).

Putative Intervenors filed their motion on March 25, 2011. In it, they argue that: (1) they should be allowed to intervene as a matter of right; (2) the opt-out period should be extended or, alternatively, that the Court should permit them to consign with the Court any damages they are entitled to in lieu of requiring Colegio to pay said damages; (3) the damages class should be decertified for failure to comply with the adequate representation requirement;[4] and (4) attorney Judith Berkan be appointed as counsel for the Putative Intervenors.

## II.

### INTERVENTION AS A MATTER OF RIGHT

To intervene as a matter of right under Rule 24(a)(2), "a putative intervenor must establish (i) the timeliness of its motion to intervene; (ii) the existence of an interest relating to the property or transaction that forms the basis of the pending action; (iii) a realistic threat that the disposition of the action will impede its ability to protect that interest; and

---

4.   The Court notes that some of the arguments raised by attorney Judith Berkan regarding decertification were already raised by her in a separate motion attempting to represent other attorneys (No. 341) and rejected because they lacked merit (No. 464).

CIVIL NO. 06-1645 (JP)          -7-

(iv) the lack of adequate representation of its position by any existing party." <u>R & G Mortgage Corp. v. Federal Home Loan Mortgage Corp.</u>, 584 F.3d 1, 7 (1st Cir. 2009). Failure to meet any one of these requirements will doom the attempt at intervention. <u>Id.</u> Also, a motion to intervene "**must** state the grounds for intervention and **be accompanied by a pleading** that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c) (emphasis added).

**A.   <u>Federal Rule of Civil Procedure 24(c)</u>**

Putative intervenors argue that they meet all the requirements for intervention as a matter of right. Said argument fails. As the Court already made clear in this case, Rule 24(c) requires that any motion to intervene must be accompanied by a pleading setting forth the claims or defenses against Colegio for which intervention is sought.

The requirements under Rule 24(c) are mandatory. <u>Public Citizen v. Liggett Group, Inc.</u>, 858 F.2d 775, 783-84 (1st Cir. 1988). Even though the Court had previously made clear that Rule 24(c) had to be complied with (No. 480), the Putative Intervenors surprisingly failed to comply with the requirement of accompanying their motion to intervene with any pleading setting forth their claims and defenses against Colegio. Because

CIVIL NO. 06-1645 (JP)            -8-

the Putative Intervenors fail to meet said requirement, the
Court hereby **DENIES** their motion. <u>See</u> <u>Public Service Company of</u>
<u>New Hampshire v. Patch</u>, 136 F.3d 197, 205 n.6 (1st Cir. 1998)
(stating that failure to comply with Rule 24(c) warrants
dismissal of the motion).

**B.    Timeliness of Motion for Intervention as a Matter of Right**

Even though the Court had denied Putative Intervenors'
motion to intervene, the Court will analyze another requirement
for intervention which Putative Intervenors fail to meet.[5]
Putative Intervenors argue that their request is timely since
they filed this motion two months after the first notification
to class members, less than one month after the deadline for
opting-out, and two days after the Court denied the same
arguments being raised by the Putative Intervenors in the
context of a motion filed by a different attorney (No. 504).

---

5.    The Court clarifies that the fact the Court will address only one of the other
requirements for intervention should not be interpreted as implying that Putative
Intervenors meet the other requirements for intervention. The Court will limit
its analysis to the timeliness issue for the sake of brevity. A particularly-weak
argument is that their position has not been presented by any of the parties. In
presenting said argument, the Putative Intervenors' counsel in particular
questions the legal strategy chosen by Colegio's counsel. This attack is
unwarranted. Colegio's counsel has vigorously represented Colegio to the best of
their abilities. However, no attorney could change the simple truth that has
become clear in this case: Colegio willfully violated the First Amendment rights
of it own members. Furthermore, the same legal representation that Putative
Intervenors' counsel questions is composed of the same attorneys who raised
essentially the same arguments raised by Putative Intervenors in this motion,
that the opt-out period should be extended, over a month prior to the Putative
Intervenors filing the instant motion (Nos. 359, 365 and 449).

CIVIL NO. 06-1645 (JP)          -9-

Four factors are generally involved in "the timeliness inquiry: (i) the length of time that the putative intervenor knew or reasonably should have known that his interests were at risk before he moved to intervene; (ii) the prejudice to existing parties should intervention be allowed; (iii) the prejudice to the putative intervenor should intervention be denied; and (iv) any special circumstances militating for or against intervention." R & G Mortgage Corp., 584 F.3d at 7.

Said factors weigh against allowing intervention in this case. This case has been ongoing for close to five years and is near its conclusion. The motion to intervene was filed on March 25, 2011. That is around two months after Class Action Notice was provided and one month after the opt-out period concluded.

## 1. **Length of time**

Timeliness is an issue that is fact-sensitive and depends on the totality of the circumstances. Banco Popular de Puerto Rico v. Greenblatt, 964 F.2d 1227, 1230-31 (1st Cir. 1992). Of high relevance in said timeliness inquiry is the status of the litigation at the time of the request. Id. at 1231. As the litigation approaches its conclusion, the scrutiny attached to the request for intervention intensifies. Id.

CIVIL NO. 06-1645 (JP)           -10-

This case is near its conclusion. The opt-out period has concluded and the Court is finalizing the process of compiling the final opt-out list. In essence, all that is remaining is to complete the process of recalculating damages and then Final Judgment can be entered. The Court has established liability and entered injunctive relief, and has been affirmed by the First Circuit on these matters.

In the instant case, the Court finds that Putative Intervenors were either aware or should have reasonably been aware that the membership fees they paid Colegio were implicated in this case prior to issuance of the Class Action Notice. As early as December 8, 2006, Putative Intervenors should have been aware of this class action and that it implicated the membership fees they paid to Colegio. On said date, Colegio's President at the time, Celina Romany-Siaca, sent a letter to all of Colegio's members, such as the Putative Intervenors, informing them that this class action had been filed and that it implicated the use of Colegio's membership fees to pay for the life insurance (No. 368-1).

Also, on June 2, 2009, Colegio's President at the time, Arturo L. Hernández-González, issued a letter to Colegio's members, such as the Putative Intervenors, informing them that

CIVIL NO. 06-1645 (JP)            -11-

judgment had been entered in this case and also making clear that they could access the judgment in the case either by visiting Colegio's website (www.capr.org) or by requesting it in Colegio's office (No. 480-1). Said letter also states that it was accompanied by an explicative letter from Colegio's attorneys in the case detailing the status of the litigation. Colegio's website also makes available the Opinion and Order and Final Judgment entered by Judge Jaime Pieras, Jr. From this information, the Court finds that Putative Intervenors either were aware or should have reasonably been aware of this case, that the membership fees they paid were implicated and that Colegio's interests were involved in the case as early as 2006 and no later than June 2009.[6] Putative Intervenors' delay is unacceptable and is sufficient basis to deny the request for intervention.

Also, the Court notes that the Putative Intervenors' claims would fail even if Putative Intervenors did not become aware or should not have become aware of their interest in this case until the issuance of the Class Action Notice. The Class Action Notice, issued around two months prior to the filing of the

---

6.     Further evidence that Putative Intervenors should have been aware of this case and that their membership fees were implicated comes from another letter, dated June 5, 2009, made available to the public in Colegio's website (No. 480-2). Said letter was prepared by Colegio's attorneys and directed at Colegio's President.

CIVIL NO. 06-1645 (JP)              -12-

instant motion, set out the procedures to be followed in order
to opt-out, including that the opt-outs had to be postmarked on
or before February 26, 2011. The Class Action Notice further
clarified, at section XII, that any class member who did not
timely postmark their opt-out would remain in the class. As
such, Putative Intervenors were aware or should have been aware
at least two months prior to the filing of their motion of the
strict deadline for opting-out, of the exact procedures for
opting-out, and of the consequences of staying in the class.

    However, Putative Intervenors did not file the instant
motion to intervene, requesting that the time period for opting-
out be extended, until almost a month after the period for
opting-out had concluded. Such delay is unacceptable. This is
especially the case in a situation such as this one, where
Putative Intervenors were aware or should have been aware of the
deadline prior to the expiration to said deadline and yet they
did nothing. Also mitigating against a finding of timeliness is
the fact that a party in this case filed a motion for an
extension of time to opt-out on February 18, 2011 (No.359).
Unlike Putative Intervenors' motion, said motion was filed prior
to the expiration of the opt-out period. As such, the Court
finds that the instant motion should not have been filed almost

CIVIL NO. 06-1645 (JP)            -13-

two months after Putative Intervenors should have been aware of

the deadline for opting-out and one month after the deadline for

opting-out had passed.

> **2.  Prejudice to existing parties should intervention be allowed and prejudice to Putative Intervenors should intervention not be allowed**

The Court notes that the prejudice to existing parties would

greatly outweigh any prejudice suffered by the Putative

Intervenors. Specifically, class members who have chosen to stay

in the class would be greatly prejudiced by any further delay.

They have been the victims of Colegio's willful violations of

their First Amendment rights since 2002. However, Colegio has

not provided them with the compensation they deserve for the

damages suffered. Any further delays, such as the one requested

by Putative Intervenors, would prejudice them.

On the other hand, the Court finds that Putative Intervenors

would suffer almost no prejudice by the denial of their request

for an extension of time to opt-out. If their motion is denied,

then they would be forced to receive the damages they are

entitled to. However, any prejudice that could arise from

receiving damages would be severely limited when one considers

that Putative Intervenors are responsible for the situation they

are in. Putative Intervenors were provided with a clear deadline

CIVIL NO. 06-1645 (JP)            -14-

for opting-out. They failed to comply with said deadline and are now essentially requesting special treatment because of their own non-compliance. The prejudice suffered is even more limited by the fact that once the money is in their possession they may do with it as they please, including returning the money to Colegio.[7]

Based on the previous discussion, the Court finds that in addition to failing to meet the requirements set forth at Fed. R. Civ. P. 24(c), Putative Intervenors' motion fails to meet the timeliness requirement for intervention as a matter of right. Accordingly, Putative Intervenors' motion is hereby **DENIED.**

### III.

### ARGUMENTS OF PUTATIVE INTERVENORS

Even though the Court has already determined that Putative Intervenors have failed to meet the requirements for intervention as a matter of right, the Court will analyze their arguments on the merits.

---

7.   The Court notes that consigning the funds with the Court would not alter this calculus because to do so would serve to reward Putative Intervenors for their non-compliance. Furthermore, if the Court were to allow Putative Intervenors to consign the funds after failing to opt-out, the Court would be undermining the opt-out process established in this case by allowing class members who did not opt-out to opt-out. That is essentially what Putative Intervenors' proposed alternative relief would accomplish. It makes no sense to allow a class member to opt-out, even though he or she did not comply with the opt-out procedures.

CIVIL NO. 06-1645 (JP)          -15-

Putative Intervenors present three main arguments supporting their request for relief: (1) that their interest have not been adequately represented; (2) that the opt-out period was not long enough; and (3) that they disagree with the Court's decision at docket number 504.[8]

## A.   <u>Lack of Adequate Representation</u>

Putative Intervenors' arguments lack merit. As the Court had already explained in response to a previous motion filed by Putative Intervenors' counsel, the representation provided by Class Plaintiffs to the entire class has been more than adequate (No. 464). Class Plaintiffs have successfully litigated the merits of this action and ensured that Colegio will no longer be able to violate the First Amendment rights of its members.

Putative Intervenors blame Class Plaintiffs for the protective order entered against Colegio and argue that said protective order was against their interests. Putative Intervenors attempt to lay the blame for their inability to

---

8.   The Court also has to comment on an "allegation" made by Putative Intervenors in their motion. Specifically, they argue that, "[o]n information and belief," the number of attorneys similarly situated to Putative Intervenors could be in the thousands (No. 508, p. 9). The basis for such statement is that in addition to the 17 Putative Intervenors there were allegedly around two dozen other attorneys who also wanted to cede their damages to Colegio. Accepting such an allegation would require quite a leap of faith on the part of the Court. The Court respectfully declines Putative Intervenors' invitation. Quite frankly, the argument that the number could be in the "thousands" based on the information presented by Putative Intervenors seems more like an uneducated guess than a reasonable inference or anything that could be classified as arising from "information and belief."

CIVIL NO. 06-1645 (JP)          -16-

communicate with Colegio on Class Plaintiffs. They are mistaken. Colegio is the **only** party responsible for the inability of Putative Intervenors to communicate with Colegio regarding the issues in this case. As explained in many other orders in this case, since the <u>Romero</u> decision in 2002, Colegio has been engaging in a campaign to mislead and misinform class members about their rights and about this case (Nos. 202, 319, and 398). Colegio is also the party who had been violating the First Amendment rights of its own members. Said deceptive tactics left the Court with no alternative other than entering a narrowly-tailored protective order to protect the interest of every class member in making an **informed** decision about whether to opt-out.[9] Put simply, Colegio is the only party responsible for the protective order.

Putative Intervenors also argue that their interests have not been adequately represented by Class Plaintiffs because they opposed Colegio's request to send out an opt-out form and because they contributed to the development of a confusing Class Action Notice. With regard to Colegio's request for an opt-out

---

9.   Had Class Plaintiffs not performed their duty of informing the Court of Colegio's tactics, then Putative Intervenors would have an argument that Class Plaintiffs have not adequately represented their interests. Also, the Court's decision to enter the protective order was further justified by how Colegio willfully violated the protective order in an attempt to mislead class members (No. 319).

CIVIL NO. 06-1645 (JP)          -17-

form, Putative Intervenors are referring to the request made by Colegio on January 31, 2011 (No. 297). That is five days after the Class Action Notice with the Court-approved opt-out procedures had been mailed. Putative Intervenors' are incorrect. The objections raised by Class Plaintiffs to the proposed form were raised in the interests of all class members, such as the Putative Intervenors, because they helped prevent confusion among class members.

As the Court explained when denying Colegio's request (No. 305), providing an opt-out form after the Class Action Notice had been mailed with specific instructions for opting-out would have created confusion. The Class Action Notice provides instructions on how to opt-out and no mention is made of an opt-out form. Confusion would have been created by providing an opt-out form because class members would be asked to follow a different procedure than that set out in the Class Action Notice. Also, class members who had complied with the procedures set out in the Class Action Notice would face uncertainty as to whether they have properly opted-out since they did not mail the form. Contrary to Putative Intervenors' argument, the only way Class Plaintiffs could have been said to inadequately represent

CIVIL NO. 06-1645 (JP)          -18-

Putative Intervenors' interests would have been if they had done what Putative Intervenors suggest.[10]

The suggestion that Class Plaintiffs advocated for a Class Action Notice that was confusing is ridiculous. The first section on the first page of the Class Action Notice is entitled "Summary of Important Points." The entire section is in bold to capture the attention of class members. The first two sentences of said section make it clear that those who received the Class Action Notice are part of a class and that they have to exclude themselves if they do not want to be part of the class. Also, said section makes clear that there is a form attached to the Class Action Notice to change addresses and that the procedures for opting out are found in this form.

Section XII of the Class Action Notice is clearly titled "How do I exclude myself from the judgment[.]" In said section, the procedures for opting-out are explained. The procedures are incredibly simple. Also, the Class Action Notice has a Change of Address Form attached to it which states "[b]y submitting this

---

10. The Court notes that had Class Plaintiffs done as Putative Intervenors suggest and not objected to the proposed form, then the Court would be in the same situation of Putative Intervenors arguing that Class Plaintiffs failed to adequately represent their interest. Except that their argument would be that Class Plaintiffs failed to adequately represent their interest by not objecting to Colegio's proposed opt-out form which confused Putative Intervenors by contradicting the instructions found in the Class Action Notice.

CIVIL NO. 06-1645 (JP)          -19-

Change of Address Form, I am requesting that any amount
collected in satisfaction of the judgment in my favor in Brown
v. Colegio de Abogados de Puerto Rico be sent to the New Address
listed above." Said statement could not make it any clearer that
it was not an opt-out form, but instead was for class members to
change their address to ensure that payment was received. The
Class Action Notice also provided them with all the information
on this case, on class members' rights, and on the consequences
of not opting-out. Said Class Action Notice provides everything
that the First Circuit made clear was required to comply with
due process and the Federal Rules of Civil Procedure. Brown, 613
F.3d at 51 (explaining what needed to be included in the Class
Action Notice).

The Class Action Notice was mailed to class members,
published on Colegio and this Court's website, and information
on opting-out was made available via website and a toll-free
phone.[11] All of this was done in English and Spanish. Any class

---

11.    Putative Intervenors suggest that some of them either did not receive the notice
or did not have the means to access the electronic information. When they called
Colegio for information, they argue that they were left without recourse because
Colegio could not provide them with any information. This is untrue. As explained
in the Court's Order (No. 305, p.3), Colegio could have directed them to the
toll-free number in order to receive information on opting-out. None of the
Putative Intervenors deny having access to a phone and, in fact, some of them
allege that they called Colegio. This is exactly why the parties and the Court
provided so many options for finding out about this case and how to opt-out.
Moreover, Putative Intervenors could have followed the very logical option of
contacting Class Plaintiffs' counsel of record to request information on opting-
out.

CIVIL NO. 06-1645 (JP)          -20-

member who did not opt-out cannot allege confusion because of the Class Action Notice. The more likely explanation is that they did not read the Class Action Notice. As explained above, by simply reading the very first section of the Class Action Notice they would have been aware that they had to opt-out in order to be excluded from the Judgment to be entered.

For the reasons explained above, the Court finds that Putative Intervenors' arguments regarding lack of adequate representation fail.

**B.   Length of Opt-Out Period**

Putative Intervenors also request an extension to the opt-out period. They argue that the time given to opt-out was insufficient. The Court need not waste time on this issue. Said request is **DENIED.** An explanation as to why the length of the opt-out period was more than sufficient is provided in the section below.

**C.   Denial of Attorney Carlos Del Valle's Motion**

On March 23, 2011, Attorney Carlos Del Valle ("Del Valle") filed a motion (No. 503) on behalf of Judge Jaime B. Fuster ("Judge Fuster"), who passed away in December 2007, requesting to be opted-out of the class or, alternatively, requesting the

CIVIL NO. 06-1645 (JP)          -21-

creation of a subclass of attorneys who failed to opt-out and who wish to cede to Colegio any damages they are entitled to.

The Court denied (No. 504) the motion explaining that the Class Action Notice provided the procedures for opting-out including the deadline for postmarking opt-outs. The Court then explained that if his heirs complied with said procedures, then Judge Fuster would be opted-out. The Court also made clear that it would not create the proposed subclass. Class members or the heirs of class members who failed to opt-out would receive damages and, thereafter, said class members or their heirs could do as they wish with the money.

The Putative Intervenors argue that such a remedy does not conform to the interests of the Putative Intervenors and to those of Del Valle's proposed subclass. They argue that it makes no sense for the Court to issue an award on their behalf when they have no interest in receiving the money. Putative Intervenors state that a more equitable result would be to either extend the opt-out period or to allow the Putative Intervenor to consign the damages they are entitled to with the Court.

Putative Intervenors' argument fails. Putative Intervenors had the chance, like every other class member, to opt-out by

CIVIL NO. 06-1645 (JP)          -22-

complying with the Court-approved procedures. From the Putative

Intervenors' motion, it is clear that they did not.[12] After

failing to exercise their right, they now seek a second bite at

the apple. The Court will not provide the Putative Intervenors

with the special treatment they request.

     An extension of time to opt-out makes no sense. As has

already been explained, the opt-out procedures were extremely

simple and could have been complied with. Further, the month

long period was more than sufficient for Putative Intervenors to

opt-out. This is evidenced by how around 6,000 class members

managed to opt-out. The Putative Intervenors have no one to

blame for not opting-out but themselves. Granting any extensions

would only serve to delay the interests of the large number of

class members who chose to stay in the class and who had their

rights trampled by Colegio. Also, said extension would reward

the Putative Intervenors for their non-compliance.

     The Court also clarifies that the alternative relief

suggested by Del Valle and sought by the Putative Intervenors is

illogical. In essence, they argue that those class members who

---

12.  The Court notes that one of the Putative Intervenors, R.A. De Castro, alleges
     that he mailed an opt-out but that he does not appear on the opt-out list. The
     Court is not aware as to whether he is or is not on the opt-out list. However,
     if he is not on the list, it is likely because he failed to comply with some of
     the requirements for opting-out or he mailed it to the incorrect address.

CIVIL NO. 06-1645 (JP)            -23-

did not opt-out by complying with the Court-approved procedures should be given a second chance to opt-out by ceding their damages to Colegio. This is ludicrous. If the Court were to adopt said remedy, then it would render the opt-out process utterly worthless. It makes no sense for the Court to establish procedures for opting-out if it will then allow class members who fail to comply with said procedures to opt-out. As the Court has made clear, it will not provide special treatment to the Putative Intervenors for their own non-compliance.

**IV.**

**CONCLUSION**

Thus, the Court hereby **DENIES** the motion (**No. 508**) filed by the Putative Intervenors and the motion (**No. 509**) to join filed by Varela and Fernós.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of March, 2011.

S/José Antonio Fusté
JOSÉ ANTONIO FUSTÉ, CHIEF
U.S. DISTRICT JUDGE