IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HERBERT W. BROWN III, et al.,<br><br>      Plaintiffs<br><br>      v.<br><br>COLEGIO DE ABOGADOS DE PUERTO RICO,<br><br>      Defendant | CIVIL NO. 06-1645 (JP) |

**OPINION AND ORDER**

Before the Court are: (1) Sonia Serrano-Rivera, Ramón Cestero-Moscoso, and Carlos del Valle's ("Putative Intervenors") motion to alter judgment requesting dismissal based on lack of subject-matter jurisdiction arguing there is no state action (**No. 551**); (2) Class Plaintiffs' opposition thereto (No. 604);[1] (3) Putative Intervenors' motion to alter judgment requesting dismissal for lack of subject-matter jurisdiction arguing Defendant is entitled to Eleventh Amendment immunity (**No. 560**);[2] (4) Putative Intervenors' motion to alter judgment to dismiss the damages in this case arguing Defendant is entitled to qualified immunity and/or a good faith defense (**No. 573**); and (5) Class Plaintiffs' opposition

---

1. Also before the Court is attorney Pedro J. Varela's motions to join the instant motions (**Nos. 552 and 599**). In light of the Court's decision, said motions are **DENIED**.

2. Also before the Court is Putative Intervenors' motion submitting a translation (**No. 562**). Said motion is **NOTED**.

CIVIL NO. 06-1645 (JP)        -2-

thereto (No. 605). Putative Intervenors' motions were all filed as Federal Rule of Civil Procedure ("Rule") 59(e) motions. For the reasons stated herein, Putative Intervenors' motions to alter judgment based on state action (No. 551) and on Eleventh Amendment immunity (No. 560) are hereby **DENIED** and Putative Intervenors' motion to alter judgment based on qualified immunity (No. 573) is hereby **STRICKEN FROM THE RECORD**.

## I.

## INTRODUCTION

On June 27, 2006, Class Plaintiffs filed the instant class action against Colegio de Abogados de Puerto Rico ("Colegio") alleging that Colegio had violated the First Amendment rights of its members.[3] Thereafter, Class Plaintiffs moved to certify two classes, one for declaratory relief and one for damages, and moved for summary judgment arguing that the decision in Romero v. Colegio de Abogados de Puerto Rico, Civil Case No. 94-2503, had preclusive effect in the instant action.

On July 31, 2008, the Court certified both of the requested classes. The damages class, certified under Fed. R. Civ. P. 23(b)(3), consists of all attorneys practicing in the Commonwealth of Puerto Rico local courts from 2002-2006, who were obligated to pay Colegio their yearly annual membership renewal fee in order to

---

3.   Class Plaintiffs amended the complaint to include a request for damages on December 4, 2006 (No. 32).

CIVIL NO. 06-1645 (JP)          -3-

practice law in this jurisdiction.  The Court then entered summary judgment and Final Judgment for Class Plaintiffs on September 25, 2008 finding that Colegio's compulsory life insurance program violated the federal constitution.  The Court later amended its Judgment to add damages in the amount of $4,156,988.70, plus costs, interest and attorney's fees (No. 133).

Colegio appealed.  On July 23, 2010, the First Circuit Court of Appeals issued an opinion in which it affirmed this Court's finding of liability, that Colegio breached its members federal constitutional rights, and this Court's decision to grant injunctive relief.  However, the First Circuit vacated this Court's Judgment insofar as it determined the amount of damages.  The First Circuit ordered the Court to provide class members with notice including their right to opt-out.  After the expiration of the notice period, the First Circuit authorized the Court to reinstate the damage award as calculated before but this time excluding damages otherwise attributable to those who opted-out of the class.

On remand, the parties and the Court began, on September 2, 2010 (No. 168), the process of preparing a notice to be issued to class members with the Court-approved opt-out procedures. The Class Action Notice in this case was officially mailed on January 26, 2011 to class members utilizing the addresses produced by Colegio.  Said notice established a simple Court-approved procedure for opting-out and provided class members with a neutral and accurate account of the

CIVIL NO. 06-1645 (JP)          -4-

proceedings in this case.[4]  Class members were provided with a month to opt-out.  That is, class members had until February 26, 2011 to postmark their opt-outs.[5]  The section in the Class Action Notice with the instructions on opting-out warned class members that they would "be a member of the Damages Class entitled to entry of judgment if a request for exclusion [was] not timely postmarked."

On March 24, 2011 and almost a month after the opt-out period had concluded, the Court set the schedule for completing the process of preparing the final opt-out and class member lists (No. 505).  The Court (Nos. 505 and 523) gave the parties until April 4, 2011 to examine and audit certain opt-outs and the report provided by Rust Consulting.[6]  The parties were to attempt to resolve any disputes.  Any disputes which they could not resolve were to be presented to the Court on April 6, 2011 (No. 523).  **The Court also made clear that no extensions would be granted.**  While the parties performed the review ordered by the Court, the Court reviewed the opt-outs which were classified by Rust Consulting as requiring court review.

On April 6, 2011, the parties filed with the Court their joint motion submitting the results of their review and providing the Court

---

4.   Such a neutral and accurate notice was necessary in order to clarify and correct the misleading information previously disseminated by Colegio.

5.   The Court notes that both parties agreed to said deadline at the time when it was set.

6.   In its order, the Court did not require the parties to review the opt-outs flagged by Rust Consulting as requiring court review since the Court would review said opt-outs itself.

CIVIL NO. 06-1645 (JP)          -5-

with their disputes (No. 530). The Court entered an Order (No. 531) on April 7, 2011 in which it ruled on the issues presented by the parties, ruled on the opt-outs requiring court review, and set out the remaining schedule for preparing the final opt-out and class member lists. As part of the order, the Court denied a request by Colegio to include certain individuals as being opted-out because Colegio did not comply with the Court's April 4, 2011 deadline. Also, the Court denied a request for an extension of time by Colegio in which it requested additional time to complete its review. The Court denied said request as Colegio had sufficient time to complete its review of the opt-outs.[7] Furthermore, the Court gave the parties until April 11, 2011 to incorporate the changes listed in the order and to provide the Court with the proposed final opt-out list, final class member list, and the updated amount of damages.

On April 9, 2011, Colegio filed another motion requesting additional time to supplement its review of the opt-outs and presented other issues which they claim existed (No. 534). The Court denied the motion because, as previously explained, Colegio had sufficient time to perform its review of the opt-outs and the deadline for raising any issues with the opt-outs had passed (No. 536). No valid reason for reconsidering the Court's previous

---

7. Even though Colegio had sufficient time to review **all** the opt-outs, part of the reason why Colegio did not complete its review was because it decided to review the opt-outs for court review instead of reviewing the opt-outs which the Court ordered it to review. This is just another example of Colegio's well documented history in this case of not complying with Court orders.

CIVIL NO. 06-1645 (JP)          -6-

decision on these matters was provided by Colegio.  On April 11, 2011, the parties provided the Court with the updated opt-out and class member lists, but did not complete the recalculation of the damages amount (No. 537).  The parties provided the Court with the updated damages amount on April 13, 2011 (No. 540). While the parties provided the missing damages information, the Court reviewed the proposed final opt-out and class member lists found at docket number 537.  After receiving the final amount of damages calculated as ordered by the First Circuit, the Court entered Final Judgment with the updated damages amount (Nos. 545 and 546).

**II.**

**LEGAL STANDARD**

**A.   STANDARD FOR A MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

Federal courts are courts of limited jurisdiction. <u>Destek Group v. State of New Hampshire Public Utilities Commission</u>, 318 F.3d 32, 38 (1st Cir. 2003).  Motions arguing that there is a lack of subject-matter jurisdiction are subject to a similar standard of review as motions arguing that there is a failure to state a claim.  <u>Torres Maysonet v. Drillex, S.E.</u>, 229 F. Supp. 2d 105, 107 (D.P.R. 2002).  A court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." <u>Rumford Pharmacy, Inc. v. City of East</u>

CIVIL NO. 06-1645 (JP)          -7-

Providence, 970 F.2d 996, 997 (1st Cir. 1992); Torres Maysonet, 229 F. Supp. 2d at 107.

**B.   STANDARD FOR A RULE 59(e) MOTION**

Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  Rule 59(e) motions are for reconsideration, not initial consideration.  Harley-Davidson Motor Co., Inc. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990). Said motion is not properly used to "raise arguments which could, and should, have been made before judgment was issued." Yeomalakis v. F.D.I.C., 562 F.3d 56, 61 (1st Cir. 2009).

### III.

### ANALYSIS

In their Rule 59(e) motions, Putative Intervenors request dismissal: (1) for lack of subject-matter jurisdiction and/or for failure to state a claim arguing that there is no state action in the instant case (No. 551); (2) for lack of subject-matter jurisdiction arguing that Colegio is entitled to Eleventh Amendment immunity (No. 560); and (3) of the damages award arguing that Colegio is entitled to qualified immunity and/or a good faith defense (No. 573). Class Plaintiffs' oppose the motions.

After considering the arguments, the Court finds that Putative Intervenors' motions fail.  Each of the motions fails for several **independent** reasons.

CIVIL NO. 06-1645 (JP)          -8-

**A.   MOTION ARGUING LACK OF STATE ACTION**

In their Rule 59(e) motion at docket number 551, Putative Intervenors argue that the Court lacks subject-matter jurisdiction because there is no state action. In the alternative, Putative Intervenors stated that their arguments also required a finding that Class Plaintiffs failed to state a claim regarding state action.

**1.   Request for dismissal for lack of subject-matter jurisdiction**

In their motion, Putative Intervenors go to great lengths to explain why their argument should be treated as one for lack of subject-matter jurisdiction. Said argument fails. "Almost by definition, a claim under [42 U.S.C.] § 1983 arises under federal law and will support federal-question jurisdiction under [28 U.S.C.] § 1331." Alberto San, Inc. v. Consejo de Titulares del Condominio San Alberto, 522 F.3d 1, 3 (1st Cir. 2008). In the instant case, the Court finds that any state action question is not so clearly lacking as to make the federal question insubstantial for jurisdiction purposes and, without a doubt, Class Plaintiffs have set forth a colorable claim. Id.; Velázquez v. Dávila, 2009 WL 453461 at *2 (D.P.R. Feb. 20, 2009). As such, Putative Intervenors request to dismiss the complaint for a lack of jurisdiction fails.

**2.   Request for dismissal for failure to state a claim**

The arguments presented by Putative Intervenors in their Rule 59(e) motion arguing that there is a lack of state action are

CIVIL NO. 06-1645 (JP)        -9-

properly classified as requesting dismissal for failure to state a claim.  Alberto San, Inc., 522 F.3d at 3; see e.g. Mehdipour v. Matthews, 386 Fed. Appx. 775, 778 n.3 (10th Cir. 2010); Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7, 570 F.3d 811, 820-21 (7th Cir. 2009); Boyle v. Governor's Veterans Outreach & Assistance Center, 925 F.2d 71, 74 (3rd Cir. 1991).

   Unfortunately for Putative Intervenors, unlike motions for lack of subject-matter jurisdiction, motions for failure to state a claim can be waived if not timely raised.  Brown v. Trustees of Boston University, 891 F.2d 337, 357 (1st Cir. 1989).  A defense for failure to state a claim is waved if not raised within the time allotted by Rule 12(h)(2).  Id.  Said rule allows a party to raise a failure to state a claim defense in a "pleading allowed or ordered under Rule 7(a)[,]" in "a motion [for judgment on the pleadings,]" or "at trial."  Fed. R. Civ. P. 12(h)(2).

   Here, the motion is untimely since the time for filing a motion for failure to state a claim arguing that there is a lack of state action under the options contemplated in Rule 12(h)(2) has passed. Final Judgment was entered prior to the motion being filed. Accordingly, said argument has been waived.  Also, raising the argument in a post-judgment Rule 59(e) motion, as Putative Intevernors are attempting to do here, does not cure said defect because said argument cannot be raised for the first time in a Rule 59(e) motion.  E.g. Yeomalakis, 562 F.3d at 61 (1st Cir. 2009)

CIVIL NO. 06-1645 (JP)          -10-

(explaining that Rule 59(e) cannot be used to raise arguments that could and should have been raised prior to judgment being issued). Accordingly, Putative Intervenors' motion to dismiss fails.

### 3.  Merit of the Argument

Furthermore, the Court is compelled to clarify that there is no doubt that there is state action in this case. The Court reaches the conclusion that there is state action and that Putative Intervenors' arguments lack merit for the reasons expressed in Class Plaintiffs' opposition at docket number 604.

### B.   MOTION ARGUING ELEVENTH AMENDMENT IMMUNITY

In their Rule 59(e) motion at docket number 560, Putative Intervenors argue that Colegio is entitled to Eleventh Amendment immunity. Specifically, they argue that Puerto Rico's Eleventh Amendment immunity should be extended to Colegio which is an arm-of-the state. After considering the arguments, the Court determines that Putative Intervenors lack standing to raise Eleventh Amendment immunity on behalf of Colegio and, even if they did have standing, Colegio has waived said immunity.[8]

---

8.  Also, for the reasons expressed in Class Plaintiffs' opposition at docket number 605, the Court finds that Colegio would not be entitled to Eleventh Amendment immunity even if Colegio had properly raised the issue based on the two-stage framework established in <u>Fresenius Medical Care Cardiovascular Resources, Inc. v. Puerto Rico & the Caribbean Cardiovascular Center Corp.</u>, 322 F.3d 56, 64-68 (1st Cir. 2003). Specifically, the Court finds that the relevant indicia under <u>Fresenius</u>, such as Colegio's ability to sue and be sued, to acquire property, and to name its directors and officers, make it clear that Colegio has **not** been structured to share the state's immunity. Also, even if the relevant indicia were inconclusive, Puerto Rico's treasury would not be threatened as Colegio's real property is securing the judgment (No. 202) and Colegio has engaged, and is continuing to engage, in non-governmental fund-raisers to pay for the judgment.

CIVIL NO. 06-1645 (JP)        -11-

### 1. Standing

In the instant case, the Court finds that Putative Intervenors lack standing to raise Eleventh Amendment immunity on behalf of Colegio. Contrary to Putative Intervenors' contention, Eleventh Amendment immunity need not be raised by the Court on its own. Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389 (1998). "Unless the State raises the matter, a court can ignore it." Id. Here, Eleventh Amendment immunity is not raised by Colegio. Since Putative Intervenors are not the state or even Colegio, they lack standing to raise said defense on behalf of Colegio. As such, the motion fails.

### 2. Waiver

Eleventh Amendment immunity can be waived "by affirmative conduct in litigation." Ramos-Piñero v. Puerto Rico, 453 F.3d 48, 51 (1st Cir. 2006) (quoting New Hampshire v. Ramsey, 366 F.3d 1, 15 (1st Cir. 2004)). The conduct constituting waiver must be unambiguous. Id. at 52.

Even assuming that Colegio was entitled to Eleventh Amendment immunity and that Putative Intervenors could raise said defense on behalf of Colegio, the Court determines that said immunity has been waived by Colegio's affirmative conduct in this litigation. Class Plaintiffs amended their complaint on December 4, 2006 to include damages (No. 32). On January 26, 2007, Colegio filed a motion to dismiss for lack of jurisdiction (No. 38). However, Colegio failed

CIVIL NO. 06-1645 (JP)          -12-

to raise Eleventh Amendment immunity (No. 38). After the Court denied said motion (No. 62), Colegio filed an answer to the amended complaint that neglected to raise Eleventh Amendment immunity (No. 65). Thereafter and as far as the Court has been able to find, Colegio did not present any arguments related to Eleventh Amendment immunity during the proceedings leading to the Court's entry of the amended final judgment on April 27, 2009 (No. 133), on appeal, or in the proceedings that took place after remand. From the record, it appears that Colegio has never raised a single argument regarding Eleventh Amendment immunity.

The only time Colegio has even mentioned the phrase "eleventh amendment immunity," as far the Court has found, was in a footnote in its opposition to the motion for summary judgment (No. 70, p. 10 n. 2). Colegio stated in said opposition that it would raise the issue in due course. However, this perfunctory mention of Eleventh Amendment immunity is not sufficient for Colegio to avoid waiver through its affirmative litigation conduct. Especially, because Colegio **never** followed through on its statement that it would introduce arguments related to Eleventh Amendment immunity. To this day, Colegio still has not raised said issue. As such, based on the record, the Court finds that, if Colegio was eligible for Eleventh Amendment immunity, it waived it through its affirmative conduct in this litigation.

CIVIL NO. 06-1645 (JP)          -13-

## C.   MOTION ARGUING QUALIFIED IMMUNITY AND/OR GOOD FAITH DEFENSE

Putative Intervenors argue, in their Rule 59(e) motion at docket number 573, that Colegio is entitled to qualified immunity and/or a good faith defense.  Class Plaintiffs' oppose the motion.

### 1.   Local Rule 7(d)

Local Rule 7(d) provides the page limits for all motions filed with the Court and clarifies that a motion which exceeds the page limit cannot be filed without leave of Court.  Here, Putative Intervenors' motion requesting dismissal of the damages award on qualified immunity and/or good faith defense grounds (**No. 573**) is thirty (30) pages and therefore exceeds the page limit set forth in Local Rule 7(d).  Also, Putative Intervenors never sought, and therefore the Court never granted, leave to exceed the page limit. As such, Putative Intervenors' motion is hereby **STRICKEN FROM THE RECORD** for failing to comply with Local Rule 7(d).

### 2.   Waiver

While Putative Intervenors' motion based on qualified immunity and/or a good faith defense has been stricken from the record for failing to comply with Local Rule 7(d), the Court also notes that said motion would otherwise fail since the arguments presented have been waived.[9]

---

9.   The motion would have also failed on the merits for the reasons stated in Class Plaintiffs' opposition at docket number 605.

CIVIL NO. 06-1645 (JP)          -14-

Qualified immunity is an affirmative defense and affirmative defenses generally must be raised in the pleadings to avoid waiver. <u>Ringuette v. City of Fall River</u>, 146 F.3d 1, 4 (1st Cir. 1998); <u>Pérez Olivo v. González</u>, 384 F. Supp. 2d 536, 538 (D.P.R. 2005) (citing <u>Gómez v. Toledo</u>, 446 U.S. 635, 640 (1980)).  Given the fact that Defendant has **never** pleaded or raised qualified immunity and/or a good faith defense, the Court determines that said defenses are waived.  Raising them for the first time in a Rule 59(e) motion is not acceptable.  <u>Yeomalakis</u>, 562 F.3d at 61 (explaining that motions for reconsideration under 59(e) are not intended to introduce new arguments that could and should have been introduced prior to judgment).  Accordingly, the motion would fail because the affirmative defenses were waived.

**D.      FAILURE TO REQUEST INTERVENTION**

In the instant case, Putative Intervenors filed their motions without requesting permission to intervene under Rule 24.  This omission is particularly egregious in this case because one of the Putative Intervenors, Carlos del Valle, has opted-out from the damages class (No. 537-1, p. 132) and therefore lacks standing to do what Putative Intervenors are attempting to do here, attack the damages class.[10]  As such, their motions fail.

---

10.   A detailed explanation as to why individuals, such as Carlos del Valle, who have opted-out of the damages class lack standing to attack the damages class is located at page 10 of docket number 464.  Further, the Court notes that even if all of the Putative Intervenors were class members the Court finds that they should have still moved to intervene.  <u>See</u> 7B C. Wright, A. Miller & M. Kane,

CIVIL NO. 06-1645 (JP)         -15-

Furthermore, the Court finds that even if Putative Intervenors would have requested intervention the Court would have denied the request since it is untimely. <u>R & G Mortgage Corp. v. Federal Home Loan Mortgage Corp.</u>, 584 F.3d 1, 7 (1st Cir. 2009). Timeliness is an issue that is fact-sensitive and depends on the totality of the circumstances. <u>Banco Popular de Puerto Rico v. Greenblatt</u>, 964 F.2d 1227, 1230-31 (1st Cir. 1992). Of high relevance in said timeliness inquiry is the status of the litigation at the time of the request. <u>Id</u>. at 1231. As the litigation approaches its conclusion, the scrutiny attached to the request for intervention intensifies. <u>Id</u>. (citing <u>Garrity v. Gallen</u>, 697 F.2d 452, 455 n. 6 (1st Cir. 1983)).

Generally, four factors are involved in "the timeliness inquiry: (i) the length of time that the putative intervenor knew or reasonably should have known that his interests were at risk before he moved to intervene; (ii) the prejudice to existing parties should intervention be allowed; (iii) the prejudice to the putative intervenor should intervention be denied; and (iv) any special circumstances militating for or against intervention." <u>R & G Mortgage Corp.</u>, 584 F.3d at 7.

---

<u>Federal Practice and Procedure</u>: Civil § 1799 (3d ed.) (explaining that Rule 23 seems to require absent class members to comply with Rule 24 prior to intervening and how the right to enter an appearance on the record does not likely grant an automatic right to intervene).

CIVIL NO. 06-1645 (JP)          -16-

   This case was filed almost five years ago.  The instant motions were filed after Final Judgment had been entered.  As the Court has previously decided, Putative Intervenors should have been aware of this case and of their interest in it as early as December 8, 2006 and no later than June 2009.  The explanation for this determination is located at: (1) docket number 480, pp. 8-9, and (2) docket number 518, p. 9-11.[11]  This is sufficient to deny the motions.[12]

   The Court also clarifies that even if the Putative Intervenors should not have become aware of this case until the Class Action Notice was issued, the Court would still find their near three month delay inexcusable.  Said delay is particularly inexcusable in light of the fact that judgment has been entered.  The Court notes that allowing Putative Intervenors to intervene would greatly prejudice class members.  Said individuals had their First Amendment rights violated from 2002 until 2006.  However, as of today, they have still not been compensated for the damages they have suffered.  On the

---

11. Upon examining docket number 480, it is not clear whether Appendix 2 was only posted on Colegio's website or if it was also sent out to Colegio's members. While the failure to send said letter to Colegio members would not alter the Court's previous determinations, the Court finds that if said letter, dated June 5, 2009 and translated at docket number 519-2, had been sent it would provide further support to the evidence that all class members should have been aware of this case no later than June 2009. As such, the Court hereby **ORDERS** Colegio to certify, **on or before May 31, 2011**, whether the letter found as Appendix 2 to docket number 480 was sent out, either by mail, email or any other method, to Colegio members and, if so, on what date it was sent.

12. The Court also notes that the record in this case makes clear that Putative Intervenor Ramon Cestero Moscoso was **actually** aware of this case and that he was part of the damages class no later October 29, 2010 (No. 316, p. 2). Said document shows a pre-notice opt-out signed by the Putative Intervenor that is dated October 29, 2010.  Class Plaintiffs **SHALL** file a certified English translation of said document **on or before June 13, 2011**.

CIVIL NO. 06-1645 (JP)          -17-

other hand, Putative Intervenors have identified no prejudice and the Court finds that they would suffer from none if their request to intervene were denied.

Lastly, there are special circumstances militating against intervention in this case. Specifically, it is the fact that the arguments which Putative Intervenors attempt to raise are defenses that Colegio should raise. Colegio is a party in this case and can present its own defenses. There is absolutely no need to allow Putative Intervenors to intervene in order to present defenses on behalf of a party in the case. As such and for the reasons previously set forth, the Court determines that a request by Putative Intervenors to intervene would be untimely.

## IV.

### CONCLUSION

Thus, the Court hereby: (1) **DENIES** Putative Intervenors' motions to alter or amend judgment based on lack of state action and Eleventh Amendment immunity grounds (Nos. 551 and 560); (2) **STRIKES FROM THE RECORD** Putative Intervenors' motion to alter or amend judgment based on qualified immunity and/or a good faith defense (No. 573) (3) **DENIES** attorney Pedro J. Varela's motions to join the motions to alter or amend judgment (Nos. 552 and 599); (4) **NOTES** Putative Intervenors' motion submitting translation (No. 562); (5) **ORDERS** Defendant Colegio to comply with the Court's Order at footnote eleven

CIVIL NO. 06-1645 (JP)          -18-

(11) of this Order **on or before May 31, 2011;** and (6) **ORDERS** Class Plaintiffs to file a certified English translation as ordered in footnote twelve (12) of this Order.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of May, 2011.

                                          s/José Antonio Fusté
                                             JOSÉ ANTONIO FUSTÉ
                                      UNITED STATES DISTRICT JUDGE